**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
KEVIN JACKSON,                  :
                                :   Civil Action No. 04-2145 (AET)
             Petitioner,        :
                                :
         v.                     :   OPINION
                                :
ROY L. HENDRICKS, et al.,       :
                                :
             Respondents.       :
_____:
```

**APPEARANCES:**

    KEVIN JACKSON, Petitioner Pro Se
    #207013 SBI#291833B
    New Jersey State Prison
    CN 861
    Trenton, New Jersey 08625

    WILLIAM KYLE MEIGHAN, ESQ.
    Ocean County Prosecutor's Office
    P.O. Box 2191
    119 Hooper Avenue
    Toms River, New Jersey 08754
    Counsel for Respondents

**THOMPSON**, District Judge

This matter comes before the Court pursuant to Petitioner's Motion for Evidentiary Hearing, (Docket Entry Nos. 19 and 20), as permitted by Rule 8 of the Rules Governing Section 2254 Cases in the United States District Court. The Court also considers Petitioner's motion asking the Court to take judicial notice of a recent district court opinion, Baker v. Hendricks, et al., Civil No. 03-3695 (JLL)(D.N.J., July 11, 2005). (Docket Entry Nos. 21

and 22).  These motions are being decided without oral argument pursuant to Fed.R.Civ.P. 78.  For reasons discussed below, both motions will be denied.

BACKGROUND

Petitioner contends that he is entitled to an evidentiary hearing to develop the factual basis with respect to his claim that trial counsel was ineffective in handling and advising Petitioner about a plea offer to forego the death penalty. Petitioner alleges that both he and his counsel on the state post-conviction relief ("PCR") proceedings were diligent in attempting to develop the factual basis of the ineffectiveness claim regarding trial counsel's dealings and advice about the State's plea offer.  The state PCR court refused to grant an evidentiary hearing without presentation of written proof of the plea offer.  There was no affidavit or certification from trial counsel with respect to a plea offer.

Petitioner relies on a recent district court opinion, Baker v. Hendricks, et al., Civil No. 03-3695 (JLL)(D.N.J., July 11, 2005), in support of his motion for an evidentiary hearing.  In that case, the district court allowed an evidentiary hearing with respect to petitioner's claim that his trial counsel was ineffective during plea negotiations.  Here, Petitioner asks the Court to take judicial notice of the Baker case.

DISCUSSION

Prior to enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996), the Supreme Court held that "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew." Townsend v. Sain, 372 U.S. 293, 312 (1963). Indeed, in certain circumstances, an evidentiary hearing was mandatory.

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.
>
> ...
>
> [A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. at 312-13. The Supreme Court later refined this standard with respect to the fifth circumstance enumerated in Townsend, requiring a prisoner to "show cause for his failure to develop

3

the facts in the state-court proceedings and actual prejudice resulting from that failure," but not otherwise curtailing the Townsend list.  Keeney v. Tamayo-Reyes, 504 U.S. 1, 11 (1992). Keeney's threshold standard of diligence was codified by AEDPA in the opening clause of new 28 U.S.C. § 2254(e)(2).  Williams v. Taylor, 529 U.S. 420 (2000).

Title 28 Section 2254(e) curtails the circumstances under which a District Court may grant an evidentiary hearing.  It provides:

> (e)(1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A)  the claim relies on–
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e).

Thus, if a prisoner fails to develop the factual basis of a claim in State court proceedings, through some lack of diligence or greater fault attributable to the prisoner or the prisoner's counsel, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of § 2254(e)(2). Williams, 529 U.S. at 429-37. Conversely, where the facts have not been developed in State court proceedings through no fault of the prisoner or the prisoner's counsel, the prisoner is "excused from showing compliance with the balance of the subsection's requirements." Id. at 437.

> However, even if a new evidentiary hearing is permitted under AEDPA--when it is solely the state's fault that the habeas factual record is incomplete-- AEDPA, unlike Townsend and Keeney, does not require that such a hearing beheld. Instead, federal courts have discretion to grant a hearing or not. In exercising that discretion, courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim.

Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).

Finally, § 2254(e)(2)'s introductory language "does not preclude federal hearings on excuses for procedural default at the state level." Cristin v. Brennan, 281 F.3d 404, 413 (3d Cir. 2002).

Here, Petitioner seeks an evidentiary hearing on the issue of his trial counsel's effectiveness in advising Petitioner about a plea offer to forego the death penalty. However, the habeas petition does not assert any grounds involving the

5

ineffectiveness of trial counsel with respect to a plea offer. Furthermore, the Court notes that the death penalty was not imposed by the jury at trial on the penalty phase. Consequently, Petitioner has not met any of the requirements mandating an evidentiary hearing.

Moreover, the <u>Baker</u> decision, to which Petitioner asks this Court to take judicial notice, is not applicable in this instance. In <u>Baker</u>, the district court found that petitioner presented a colorable claim of ineffectiveness of trial counsel with respect to counsel's failure to advise petitioner during plea negotiations that petitioner was subject to a presumptive 50-year term of imprisonment as a persistent offender. Accordingly, the court granted an evidentiary hearing on this issue. As noted above, in this case, Petitioner does not assert a habeas claim involving ineffectiveness of trial counsel regarding a plea offer as to the death penalty. Moreover, even if such a claim was raised, there is no prejudice to Petitioner since the jury declined to impose the death penalty. Consequently, the <u>Baker</u> decision is completely irrelevant to the issues in this case. Petitioner's motion asking the Court to take judicial notice of the <u>Baker</u> decision will be denied.

6

CONCLUSION

As Petitioner has not established entitlement to an evidentiary hearing under the standard set forth in § 2254(e)(2), his motion for an evidentiary hearing must be denied.  Further, the motion asking the Court to take judicial notice of the Baker opinion likewise should be denied.  An appropriate Order follows.

                                                     /s Anne E. Thompson  
                                                    ANNE E. THOMPSON  
                                                    United States District Judge

DATED:    April 28, 2006